**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:98-CR-0374-JOF |
| | : | |
| ANDRE J. TWITTY, | : | CIVIL ACTION NO. |
| | : | 1:06-cv-2900-JOF |
| Defendant. | : | |

**OPINION AND ORDER**

This motion is before the court on Petitioner Andre Twitty's pro se motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [199].

In April of 1999, a jury found Petitioner guilty of willfully communicating a threat in violation of 18 U.S.C. § 844(e) and threatening federal law enforcement officers and their families in violation of 18 U.S.C. § 115(a)(1)(A). The court sentenced Petitioner to 180 months' imprisonment. Petitioner appealed his conviction and sentence to the Court of Appeals for the Eleventh Circuit, which affirmed the judgment and sentence of this court. Since that time, the court has received numerous filings from Petitioner regarding post-conviction relief and has issued a myriad of orders addressing his claims.

Petitioner filed his first motion styled as a motion to vacate sentence pursuant to section 2255 in August of 1999 [106]. The court issued an order in December of 1999 denying Petitioner's motion. The court held that Petitioner had procedurally defaulted by

not raising his claims on direct appeal or providing any explanation for his failure to do so [114]. In March 2000, the court vacated the portion of its December order concerning Petitioner's motion to vacate sentence [131]. The court found that Petitioner had filed a timely appeal, but refused to address Petitioner's habeas claims as his appeal was still pending. The court dismissed Petitioner's habeas petition without prejudice and with leave to re-file, if necessary, after the resolution of his appeal.

Petitioner filed his second motion styled under section 2255 in July 2000 [137] and amended said motion in August of the same year [138]. In January of 2001, Petitioner filed a motion for relief from judgment under Rule 60(b) [139]. The court construed Petitioner's request for Rule 60(b) relief and a habeas petition and denied both motions without prejudice on the ground that Petitioner's direct appeal was still pending [146]. In doing so, the court warned "that Petitioner's repeated filing of section 2255 motions while his direct appeal is pending risks violating the rules of habeas corpus prohibiting successive petitions." (Order, 05/31/01).

Petitioner filed his third motion styled under section 2255 on January 22, 2002, alleging that his conviction for making threats against law enforcement officers violated the First Amendment and that federal agents conspired with prosecutors to introduce perjured testimony at trial [148]. In July 2003, this court found Petitioner's claims to be without merit and denied his petition [156]. Following this order, Petitioner sent a number of

motions to alter or amend judgment under Rules 59 and 60(b) directly to the judge's chambers. The court denied Petitioner relief under these rules [163, 187]. Petitioner also moved for a certificate of appealability which the court denied [187]. The court found that Petitioner's issues were frivolous and that he had not raised any issue that was "debatable among jurists of reason" or that another court could have resolved in a different manner. (Order, 11/22/04).

Petitioner filed the instant section 2255 motion, his fourth motion so styled, on November 11, 2006. Petitioner seems to contend that the court engaged in "clear error" and created a "jurisdictional defect" by sentencing him in 1999 to a sentence above the statutory maximum. However, Petitioner's motion is a mere one-and-a-half handwritten pages, and it is difficult for the court to determine the exact nature of his claims. It is clear that he seeks relief in the form of a "de novo review" and a "hearing." Petitioner filed a "response" which he seems to intend to supplement his claim. This response is merely a collection of pleadings in this matter upon which Petitioner has written various notes. Petitioner's notes are littered with profanity and accusations against the court and do not appear to support any claim.

As the whole of this order makes clear, Petitioner has had numerous bites at the apple and has submitted numerous motions for post-conviction relief under section 2255. As such, the court will construe Petitioner's instant motion as a second or successive motion for

-3-

habeas corpus. A successive habeas motion must fulfill two requirements to be successful. First, Petitioner's claim must either (1) rely upon a new rule of constitutional law or (2) be predicated upon newly-discovered evidence, not previously discoverable through due diligence, that would establish Plaintiff's innocence by clear and convincing evidence. 28 U.S.C.§ 2244(b)(2). Petitioner has produced no evidence to show he falls within either category. Second, Petitioner must show that he moved the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3). Petitioner moved the Eleventh Circuit for a certificate of appealabilty which the court denied on April 26, 2005 [197]. As such, this court cannot consider his successive habeas claim. Therefore, Petitioner's motion [199] is DENIED.

SO ORDERED, this 31st day of October 2007.

                                s/ J. Owen Forrester
                                J. OWEN FORRESTER
                SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)